# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **KAMILES CREWS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-01390-RDP-PWG |
| ) | |
| **WILLIAM H. RHEA, III, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 5, 2007, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). Plaintiff filed objections to the report and recommendation on November 16, 2007. (Doc. 36.)

In his objections, Plaintiff contends that his defense attorneys' willful and deliberate disregard for his federal constitutional rights constitutes a cause of action in federal court and the attorneys' conduct does not have to be committed under color of state law to state a federal cause of action. First, to the extent Plaintiff seeks to state a claim against his defense attorneys for malpractice, there is no federal cause of action for legal malpractice; rather, there exists only such a claim under state law. As such, the court has no subject matter jurisdiction over this claim. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505-06 (11th Cir. 1996). Second, a defense attorney, whether court-appointed or privately retained, represents only his client, not the state. *Polk County v.*

*Dodson*, 454 U.S. 312 (1981).  Thus, a defense attorney does not act "under color of state law," a critical element of a § 1983 claim.

Plaintiff also contends that Defendants' prosecutors acted in an investigative role prior to any court proceedings and, therefore, are not immune from suit.  Specifically, Plaintiff states that his case "went to the grand jury pursuant to a district attorney's office investigation which put those district attorneys in the investigative role prior to any court proceedings."  (Doc. 36 at 3.)  Plaintiff's argument is without merit.  A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government, *see Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), including the decision to initiate and pursue a criminal prosecution, *see Imbler v. Pachtman*, 424 U.S. 409, 424 (1976).  Plaintiff has made only a general and conclusory statement, without any factual support, that Defendants' prosecutors acted in an investigatory manner.

Finally, Plaintiff argues that he should be allowed to submit documents through discovery which would prove his conspiracy claims against Defendants' attorneys and prosecutors.  The court has allowed Plaintiff to submit hundreds of pages of documents in support of his claims.  (Docs. 4, 8, 10, 11, 12, 14, 15, 17, 19, 22, 23, 24, 25, 27, 28, 29, & 32.)  After consideration of Plaintiff's claims, along with careful review of his supporting documents, there are no facts sufficient to support Plaintiff's allegations that Defendants' attorneys and prosecutors conspired to violate his constitutional rights.  Simply put, there are no operative facts present in Plaintiff's complaint or exhibits that demonstrate his defense attorneys and the prosecutors reached an understanding to deny Plaintiff's constitutional rights during his criminal proceedings.  Indeed, "[i]n conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough to

simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

**DONE** and **ORDERED** this ___27th___ day of November, 2007.

                                                    **R. DAVID PROCTOR**
                                                    UNITED STATES DISTRICT JUDGE